SUPREME COURT—APP. DIV.—FIRST DEPARTMENT,

February 5, 1915.

# THE PEOPLE OF THE STATE OF NEW YORK, RE-SPONDENT v. ALFRED·G. DORSCH, APPELLANT.

(166 App. Div. 515.)

BREACH OF PEACE—ATTEMPT TO INFLUENCE JUROR.

Appeal from a judgment of the Court of General Sessions in the county of New York convicting the defendant of disorderly conduct. It appeared that during a recess of the court the defendant spoke to one of the jurors who was sitting in the case of another person, and it was contended by the prosecution that he had attempted to influence the juror. Such intention was denied by the defendant. On all the evidence, *held*, that the acts complained of did not come within the provisions of section 1459 of the Consolidation Act, in that they did not tend to a breach of the peace, and hence, a conviction under said section was not justified.

APPEAL by the defendant, Alfred G. Dorsch, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered on the 8th day of April, 1914, affirming a judgment rendered by a judge of said court, sitting as a Magistrate's Court of the city of New York, rendered on the 26th day of March, 1914, convicting the defendant of disorderly conduct.

The evidence was, in substance, as follows: One E. was on trial before the said Court of General Sessions upon a criminal charge. During the noon recess this defendant spoke to one of the jurors in E.'s case in the corridor of the court house. The juror testified that the defendant asked him whether the jurors had come to any conclusion or formed any opinion about E.'s case, and said that they would find out that it was all a

" frame-up." The defendant admitted that he had spoken to the juror at the request of E.'s wife and daughter, and that he had said that they were necessarily anxious about the case and would like to know what the jury thought of it, but that the juror refused to discuss it. He said that he told the juror that, as the prosecuting attorney had had the case all the morning, it looked rather black for E.; but that E. had never been convicted before, and that defendant did not think that he would be convicted when his testimony was heard. Defendant denied that he had said that the case was a " frame-up; " swore that he had never been in a courtroom before; had not tried to influence the juror, and did not know that he was doing wrong.

The matter was brought to the attention of the trial judge in E.'s case. He sat as a city magistrate and convicted the defendant of disorderly conduct tending to a breach of the peace in violation of section 1459 of the Consolidation Act (Laws of 1882, chap. 410), and sentenced him to a definite term of two months in the workhouse under the provisions of section 88 of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659, as amd. by Laws of 1913, chap. 372).

*Jacob Manheim,* for the appellant.

*Robert C. Taylor,* for the respondent.

PER CURIAM:

We do not think that the acts complained of come within the provisions of section 1459 of the Consolidation Act (Laws of 1882, chap. 410), because they did not tend to a breach of the peace, and, therefore, the conviction of this defendant was not justified.

The judgment must be reversed and the defendant discharged.

Present—INGRAHAM, P., J., LAUGHLIN, SCOTT, DOWLING and HOTCHKISS, JJ.

Judgment reversed and defendant discharged.   Order to be settled on notice.